UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| TEVIN JONES, | ) Case No. 2:23-cv-0920 |
| Plaintiff, | ) Judge Sarah D. Morrison |
| v. | ) |
| ENTERPRISE HOLDINGS, INC., et al., | ) |
| Defendants. | ) |

**DEFENDANT JOHN BOWRON'S ANSWER**

Defendant John Bowron ("Defendant" or "Bowron"), for his Answer to Tevin Jones' ("Plaintiff" or "Mr. Jones") Amended Complaint ("Complaint"), states as follows:

**I.    INTRODUCTION**

Defendant admits that Plaintiff formerly worked for EAN Holdings, LLC in its Polaris and Airport locations and that he was terminated following an investigation into his inappropriate misconduct at work that violated EAN policy.  Defendant further acknowledges that Plaintiff purports to bring this action for violation of Title VII, the ADA, the FMLA, and FEPA.  Defendant denies the remaining vague allegations in unnumbered paragraph tilted "Introduction" of the Complaint.

**II.    PARTIES**

1.    Defendant is without knowledge as to these allegations and therefore denies these allegations.

2.    Defendant admits that Enterprise Holdings, Inc. maintains a location at the address stated and is organized in Missouri.  Defendant denies any other allegations, if any.

3. Defendant admits EAN Holdings, LLC is organized in Delaware but denies all other allegations.

4. Defendant denies the allegations in this paragraph, including all subparts (a)-(d).

5. Defendant denies the allegations in this paragraph.

6. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

7. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

8. Defendant denies these allegations as vague as Plaintiff simply references "Enterprise" without specifying to which entity he refers.

9. Defendant denies these allegations as vague as Plaintiff simply references "Enterprise" without specifying which entity he refers.

10. Defendant denies these allegations as vague. These allegations also contain legal conclusions to which no response is required regardless and are denied.

11. Defendant denies these allegations as vague. These allegations also contain legal conclusions to which no response is required regardless and are denied.

12. These allegations are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

13. These allegations are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

14. These allegations are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

15. These allegations are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

16. These allegations are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

17. Defendant denies these allegations as vague.

### III. JURISDICTION & VENUE

18. These allegations are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

19. Defendant denies these allegations as vague.

20. Defendant denies these allegations as vague.

21. These allegations are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

22. These allegations are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

23. These allegations are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

24. These allegations are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

25. These allegations are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

26. These allegations are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

27. Defendant is without knowledge as to the allegations in this paragraph and therefore denies these allegations.

28. Defendant is without knowledge as to the allegations in this paragraph and therefore denies these allegations.

29. Defendant denies these allegations.

**IV.  FACTS**

30. Defendant denies these allegations as vague.

31. Defendant denies these allegations.

32. Defendant denies these allegations as vague.

33. Defendant denies these allegations as vague.

34. Defendant denies these allegations as vague.

35. Defendant denies these allegations.

36. Defendant denies these allegations.

37. Defendant denies these allegations.

38. Defendant denies these allegations.

39. Defendant denies these allegations.

40. Defendant denies these allegations.

41. Defendant denies these allegations.

42. Defendant denies these allegations as vague.

43. Defendant denies these allegations as vague.

44. Defendant denies these allegations as vague.

45. Defendant denies these allegations as vague.

46. Defendant denies these allegations as vague.

47. Defendant denies these allegations as vague.

48. Defendant denies these allegations as vague.

49. Defendant denies these allegations as vague.

50. Defendant denies these allegations as vague.

51. Defendant denies these allegations as vague.

52. Defendant denies these allegations.

53. Defendant denies these allegations.

54. Defendant denies these allegations as vague.

55. Defendant denies these allegations as vague.

56. Defendant denies these allegations as vague.

57. Defendant denies these allegations as vague.

58. Defendant denies these allegations as vague.

59. Defendant denies these allegations as vague.

60. Defendant denies these allegations as vague.

61. Defendant denies these allegations as vague.

62. Defendant denies these allegations as vague.

63. Defendant denies these allegations as vague.

64. Defendant denies these allegations as vague.

65. Defendant denies these allegations as vague.

66. Defendant denies these allegations as vague.

67. Defendant denies these allegations as vague.

68. Defendant denies these allegations as vague.

69. Defendant denies these allegations as vague.

70. Defendant denies these allegations as vague.

71. Defendant denies these allegations.

72. Defendant denies these allegations.

73. Defendant admits Plaintiff worked closely with Jenkins but denies the remaining allegations as vague.

74. Defendant denies these allegations as vague.

75. Defendant denies these allegations as vague.

76. Defendant denies these allegations as vague.

77. Defendant denies these allegations as vague.

78. Defendant denies these allegations as vague.

79. Defendant denies these allegations as vague.

80. Defendant denies these allegations as vague.

81. Defendant denies these allegations as vague.

82. Defendant denies these allegations.

83. Defendant denies these allegations.

84. Defendant admits that Pearson was promoted in June 2021 but denies all remaining allegations in this paragraph, if any.

85. Defendant admits the allegations in this paragraph.

86. Defendant denies these allegations.

87. Defendant denies these allegations as vague.

88. Defendant denies these allegations as vague.

89. Defendant denies these allegations.

90. Defendant denies these allegations.

91. Defendant admits that Plaintiff was not a manager but denies all remaining allegations.

92. Defendant denies these allegations.

93. Defendant denies these allegations.

94. Defendant denies these allegations as vague.

95. Defendant admits that Pearson had a meeting about work preferences with Plaintiff in which Plaintiff stated he sought a non-customer facing role. All other allegations, if any, are denied.

96. Defendant denies these allegations as vague.

97. Defendant denies these allegations as vague.

98. Defendant denies these allegations as vague.

99. Defendant denies these allegations.

100. Defendant denies these allegations as vague.

101. Defendant denies these allegations as vague.

102. Defendant denies these allegations as vague,

103. Defendant denies these allegations as vague.

104. Defendant denies these allegations as vague.

105. Defendant denies these allegations as vague.

106. Defendant denies these allegations as vague.

107. Defendant denies these allegations as vague.

108. Defendant denies these allegations as vague.

109. Defendant denies these allegations as vague.

110. Defendant denies these allegations as vague.

111. Defendant denies these allegations as vague.

112. Defendant denies these allegations as vague.

113. Defendant denies these allegations as vague.

114. Defendant denies these allegations as vague.

115. Defendant denies these allegations as vague.

116. Defendant denies these allegations as vague.

117. Defendant denies these allegations as vague.

118. Defendant denies these allegations as vague.

119. Defendant denies these allegations as vague.

120. Defendant denies these allegations as vague.

121. Defendant denies these allegations as vague.

122. Defendant denies these allegations as vague.

123. Defendant denies these allegations as vague.

124. Defendant denies these allegations as vague.

125. Defendant denies these allegations as vague.

126. Defendant denies these allegations.

127. Defendant denies these allegations.

128. Defendant admits that Pearson posted the position referenced. All other allegations, if any, are denied.

129. Defendant denies these allegations as vague.

130. Defendant denies these allegations.

131. Defendant denies these allegations.

132. Defendant admits that Plaintiff was informed he did not meet the qualifications for the position. All remaining allegations, if any, are denied.

133. Defendant denies these allegations as vague.

134. Defendant admits that Mr. Gibson was selected for the position. All remaining allegations, if any, are denied.

135. Defendant denies these allegations.

136. Defendant admits that Mr. Smith was hired for a position but is without knowledge as to his race and denies any remaining allegations.

137. Defendant denies these allegations.

138. Defendant denies these allegations.

139. Defendant admits Plaintiff had attendance and communication issues. Any remaining allegations, if any, are denied.

140. Defendant denies these allegations.

141. Defendant admits Plaintiff was required to fill out FMLA paperwork and was provided instructions on his rights and responsibilities. All remaining allegations are denied.

142. Defendant denies these allegations.

143. Defendant admits that on or about October 11, 2022, Plaintiff refused to speak to Pearson and cursed at and threatened Pearson in violation of company policy and then refused to leave, leading Pearson to mention potentially needing to call the police. Defendant denies the remaining allegations in this paragraph as vague.

144. Defendant denies these allegations.

145. Defendant admits that Bowron investigated and interviewed Plaintiff but denied the remaining allegations.

146. Defendant admits that Bowron asked Plaintiff about the threats and other inappropriate behavior by Plaintiff but denies the remaining allegations.

147. Defendant denies these allegations as vague.

148. Defendant admits these allegations.

149. Defendant denies these allegations.

150. Defendant denies these allegations as vague.

151. Defendant denies these allegations as vague.

152. Defendant denies these allegations.

153. Defendant denies these allegations.

154. Defendant denies these allegations.

155. Defendant admits that Plaintiff was terminated with cause. All other allegations, if any, are denied.

156. Defendant admits that Plaintiff was terminated with cause. All other allegations, if any, are denied.

157. Defendant denies these allegations.

158. Defendant denies these allegations.

159. Defendant denies these allegations.

V. **CAUSES OF ACTION**

    **COUNT I: FAILURE TO PROMOTE BASED ON RACIAL DISCRIMINATION**

        **AGAINST ENTERPRISE HOLDINGS INC., AND EAN HOLDINGS, LLC**

160. Defendant incorporates by reference the responses to the preceding allegations of this Complaint as if fully rewritten herein.

161. These allegations are legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

162. Defendant denies these allegations.

163. Defendant denies these allegations.

164. Defendant denies these allegations.

165. Defendant denies these allegations.

166. Defendant denies these allegations.

167. Defendant denies these allegations.

**COUNT II: SECTION 1981**

**AGAINST ENTERPRISE HOLDINGS INC., AND EAN HOLDINGS, LLC**

168. Defendants incorporate by reference their responses to the preceding allegations of this Complaint as if fully rewritten herein.

169. Defendant denies these allegations.

170. Defendant denies these allegations.

171. Defendant denies these allegations.

172. Defendant denies these allegations.

**COUNT III: RACE DISCRIMINATION IN VIOLATION OF FEPA**

**AGAINST ENTERPRISE HOLDINGS INC., AND EAN HOLDINGS, LLC**

173. Defendant incorporates by reference their responses to the preceding allegations of this Complaint as if fully rewritten herein.

174. These allegations are legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

175. These allegations are legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

176. Defendant denies these allegations.

177. Defendant denies these allegations.

178. Defendant denies these allegations.

179. Defendant denies these allegations.

180. Defendant denies these allegations.

181. Defendant denies these allegations.

182. Defendant denies these allegations.

**COUNT IV: FAILURE TO ACCOMMODATE DISABILITY**

**AGAINST ENTERPRISE HOLDINGS INC., AND EAN HOLDINGS, LLC**

183. Defendant incorporates by reference their responses to the preceding allegations of this Complaint as if fully rewritten herein.

184. These allegations are legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

185. These allegations are legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

186. Defendant denies these allegations.

187. Defendant denies these allegations.

188. Defendant denies these allegations.

189. These allegations are legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

190. Defendant denies these allegations.

191. Defendant denies these allegations.

## COUNT V: INTERFERENCE IN VIOLATION OF FMLA LEAVE

## AGAINST PEARSON AND BOWRON

192. Defendant incorporates by reference the responses to the preceding allegations of this Complaint as if fully rewritten herein.

193. Defendant denies these allegations.

194. Defendant denies these allegations.

195. These allegations are legal conclusions to which no response is required. To the extent a response is required, Defendant denies these allegations.

196. Defendant denies these allegations.

197. Defendant denies these allegations.

198. Defendant denies these allegations.

199. Defendant denies these allegations.

200. Defendant denies these allegations.

201. Defendant denies these allegations.

202. Defendant denies that that Plaintiff is entitled to any relief requested in the "Prayer for Relief" clause of the Complaint, including subparts (a) through (m) and respectfully request that this Court dismiss Plaintiff's Complaint with prejudice and award Defendant's costs, including attorneys' fees, and such other relief as the Court deems appropriate.

## ADDITIONAL DEFENSES

### First Defense

The Complaint, and each and every claim therein, fails to state a claim upon which relief can be granted.

## Second Defense

Plaintiff has failed to exhaust administrative remedies.

## Third Defense

Plaintiff's claims, or certain of Plaintiff's claims, are barred by the pertinent statute of limitations.

## Fourth Defense

Plaintiff's claims are barred by the doctrine of laches, waiver, accord and satisfaction, estoppel, and/or unclean hands.

## Fifth Defense

Defendant acted at all times in good faith and without intent to discriminate against Plaintiff and Defendant's actions with respect to the terms and conditions of Plaintiff's employment were at all times taken for legitimate and non-discriminatory reasons and/or reasonable factors other than alleged disability.

## Sixth Defense

Any claim for punitive damages is barred by the Constitution of the United States.

## Seventh Defense

Alternatively, punitive damages are not appropriate in this case.

## Eighth Defense

There is no causal relation between the acts of Defendant and the alleged injury or damage suffered by Plaintiff.

## Ninth Defense

Plaintiff's claims are barred in whole or in part because the sole proximate cause of any alleged damages are a result of Plaintiff's own acts and/or omissions.

### Tenth Defense

The allegations contained in Plaintiff's Complaint impermissibly exceed the scope of his charge filed with the Equal Employment Opportunity Commission.

### Eleventh Defense

Plaintiff's damages, in whole or in part, are barred due to his failure to mitigate his alleged damages.

### Twelfth Defense

Plaintiff is not a qualified individual with a disability.

### Thirteenth Defense

Any accommodation sought by Plaintiff would not have been reasonable.

### Fourteenth Defense

Plaintiff was disqualified for reasons that were job related and consistent with business necessity.

### Fifteenth Defense

Plaintiff's damages, if any, are barred by the doctrine of after-acquired evidence.

### Sixteenth Defense

Defendant Enterprise Holdings, Inc. did not employ Plaintiff, is not a joint employer, and did not make any decisions with respect to Plaintiff's employment. Thus, Enterprise Holdings, Inc. cannot be liable to Plaintiff under any of his asserted causes of action.

### Seventeenth Defense

Defendant reserves the right to designate additional defenses as they may come to light during the course of investigation, discovery, or otherwise.

WHEREFORE, having fully answered, Defendant prays that the Plaintiff's Complaint be dismissed with prejudice and that Defendant be granted costs, expenses, and reasonable attorneys' fees.

Respectfully submitted,

*/s/ M. Scott McIntyre*
M. Scott McIntyre (0075298)
Sean P. Ryan (0094085)
Baker & Hostetler LLP
312 Walnut Street, Suite 3200
Cincinnati, Ohio 45202-4074
(513) 929-3400
(513) 929-0303 (fax)
smcintyre@bakerlaw.com
spryan@bakerlaw.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was filed through the Court's electronic filing system which will provide notice to Plaintiff. Defendant will also mail a copy of the foregoing to the following address:

Tevin Jones
1608 Fulton Street
Columbus, OH 43205
tjones@invictarealtyllc.com

*Pro Se Plaintiff*

                                                    */s/ M. Scott McIntyre*
                                                    M. Scott McIntyre (OH0075298)