UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TEVIN JONES, | ) | Case No. 2:23-cv-0920 |
| | ) | |
| Plaintiff, | ) | Judge Sarah D. Morrison |
| v. | ) | |
| | ) | |
| | ) | |
| ENTERPRISE HOLDINGS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS ENTERPRISE HOLDINGS, INC., EAN HOLDINGS, LLC, dba ENTERPRISE RENT-A-CAR, JASON PEARSON, & JOHN BOWRON'S MOTION FOR PROTECTIVE ORDER**

Defendants Enterprise Holdings, Inc., EAN Holdings, LLC, dba Enterprise Rent-A-Car, Jason Pearson, and John Bowron hereby move for the entry of a protective order pursuant to Rule 26 (C) of the Federal Rules of Civil Procedure and request reasonable expenses and attorney fees for bringing this motion. For the reasons more fully set forth in the attached memorandum, Defendants' Motion for a Protective Order should be granted.

Respectfully submitted,

*/s/ M. Scott McIntyre*
M. Scott McIntyre (0075298)
Sean P. Ryan (0094085)
Kaitlin McLeod (00100138)
Baker & Hostetler LLP
312 Walnut Street, Suite 3200
Cincinnati, Ohio 45202-4074
(513) 929-3400
(513) 929-0303 (fax)
smcintyre@bakerlaw.com
spryan@bakerlaw.com

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| TEVIN JONES, | ) | Case No. 2:23-cv-0920 |
| | ) | |
| Plaintiff, | ) | Judge Sarah D. Morrison |
| v. | ) | |
| | ) | |
| | ) | |
| ENTERPRISE HOLDINGS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS ENTERPRISE HOLDINGS, INC., EAN HOLDINGS, LLC, dba ENTERPRISE RENT-A-CAR, JASON PEARSON, & JOHN BOWRON'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER**

Defendants Enterprise Holdings, Inc. ("EAN"), EAN Holdings, LLC, dba Enterprise Rent-A-Car ("EAN"), Jason Pearson ("Pearson"), and John Bowron's ("Bowron") (collectively "Defendants"), pursuant to FRCP 26(C), hereby moves for the entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information as well as Defendant's reasonable expenses, including attorney fees, incurred in making this motion.

A protective order shall only be entered upon a showing of "good cause" by the party seeking protection. Fed. R. Civ. P. 26(c)(2). FCRP 26 allows for a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  The moving party must show good cause for the protective order by making "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."  *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981) ).  Protective orders "are often blanket in nature, and allow the parties to determine in the first instance whether particular materials fall within the order's protection." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).

Defendants seek a protective order to ensure that the Plaintiff does not disseminate its confidential business information and individual Defendants' private information, as well as personal third party information to the public. Plaintiff has already served a number of requests for production and interrogatories that would require Defendants, in some capacity to respond by producing confidential and/or third party information. Without an appropriate protective order, Plaintiff would largely be free to disseminate this information outside of the case. *Harris v. Amoco Prod., Co.,* 768 F.2d 669, 884 (5th Cir. 1985).

Defendants have attempted to confer with Plaintiff in good faith to resolve this dispute without court action. Defendants requested on numerous occasions to meet and confer with Plaintiff to discuss a stipulated protective order. Plaintiff failed to provide dates or times he was available. Even when Plaintiff was ordered by the court to hold a telephonic discovery conference with Defense counsel concerning a stipulated protective order, Plaintiff refused to participate in any meaningful discussion. On September 11, 2024, during a discovery conference with the Court, Plaintiff stated he was not willing to stipulate to any version of a protective order. (Exhibit A, Kaitlin E. McLeod Decl).

FRCP 37(a)(5) states "the court must, after giving an opportunity to be heard, require the party…. Whose conduct necessitated the motion… the pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Defendants request that the Court require Plaintiff, whose conduct necessitated the motion, to pay the Defendant's reasonable expenses incurred in making the motion, including attorney's fees. *DaVita Inc. v. Marietta Memorial Hospital Employee Health Benefit Plan,* 2:18-cv-1739, 2024 WL 3226114 (S.D. Ohio. 2024) (the **court must require** the party whose conduct necessitated the

motion to compel to pay the movant's reasonable expenses incurred in making the motion including attorney's fees) (emphasis added).

Defendant respectfully requests that this Court enter the proposed protective order attached as Exhibit B and order Plaintiff to pay attorney fees.

Respectfully submitted,

*/s/ M. Scott McIntyre*
M. Scott McIntyre (0075298)
Sean P. Ryan (0094085)
Kaitlin McLeod (0100138)
Baker & Hostetler LLP
312 Walnut Street, Suite 3200
Cincinnati, Ohio 45202-4074
(513) 929-3400
(513) 929-0303 (fax)
smcintyre@bakerlaw.com
spryan@bakerlaw.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was filed on September 18, 2024 with the Court via the CM/ECF system, which will send notice to the following:

Tevin Jones
1608 Fulton Street
Columbus, OH 43205
tjones@invictarealtyllc.com

*Pro Se Plaintiff*

*/s/ M. Scott McIntyre*
M. Scott McIntyre (OH0075298)
