UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TEVIN JONES, | ) | Case No. 2:23-cv-920 |
| | ) | |
| Plaintiff, | ) | Judge Sarah D. Morrison |
| | ) | Magistrate Judge Chelsey M. Vascura |
| v. | ) | |
| | ) | |
| ENTERPRISE HOLDINGS INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Plaintiff Tevin Jones ("Plaintiff"), *pro se*, hereby submits his response in opposition to Defendants Enterprise Holdings, INC., EAN Holdings, LLC, dba Enterprise Rent-A-Car, Jason Pearson, & John Bowron's Motion for Protective Order as well as their requested reasonable expenses and attorney fees for making the motion.(ECF No. 42).

1. **ARGUMENTS AGAINST PROTECTIVE ORDER**

**1.1. Protective Order is Untimely**

In their February 15, 2024 Rule 26(f) Report (ECF No. 27) which was drafted by and filed by Lead Defense Counsel Scott McIntrye, the parties agreed that a clawback agreement or protective order shall be produced to the Court by **May 1, 2024.** Plaintiff has repeatedly asked Defendants why they waited until April 26, 2024 to produce a proposed draft of a protective order and he consistently receives no answer. Plaintiff has reason to believe that Mr. McIntyre was well aware of Defendants desire to have a

1

protective order in place before responding to certain production request years before Plaintiff was sent a proposed protective order due to Mr. McIntrye representing Defendants in Courts in this District for a minimum of 8 (eight) years. Mr. McIntyre represented Defendant EAN Holdings, LLC in Brooks v. EAN Holdings, LLC, 1:16-cv-01085, (S.D. Ohio) (Exhibit 1: McIntyre Notice of Counsel 2017).

### 1.2. Plaintiff's Production of Confidential Information

On or about February 16, 2024 Plaintiff divulged a large amount of his confidential information in response to EAN Holdings, LLC's interrogatories and request for production. This information included hundreds of documents detailing his income records, tax records, medical records, employment records, litigation records, personal notes, and his Personal Identifiable Information ("PII"), amongst other things. None of Plaintiff's confidential information that he produced was marked as "confidential" due to there not being a protective order in place in February 2024. Now he believes that a protective order would not offer him any protection of his information due to Defendants, Defense Counsel, and unknown third parties being in possession of his confidential information for 7 (seven) months. If the Court were to grant Defendants' motion, Plaintiff's confidential information would still be an issue as Defendants' protective order that they attached to their motion as "Exhibit B" lacks language to appropriately address previously produced documents and information that was not marked "confidential".

A recent case in federal Court against Defendants, Moorer v. Enterprise Holdings, Inc., 2:24-cv-00114, (M.D. Ala.), is an excellent example of an appropriate timeline for a protective order to be produced to the Court. This case was filed on February 20, 2024, a rule 26(f) report was filed on May 2, 2024, a joint motion for

protective order was filed and ordered on May 21, 2024 and ultimately a joint stipulation of dismissal was filed on August 19, 2024. In contrast, Plaintiff filed his complaint on March 9, 2023, a rule 26(f) report was filed on February 15, 2024, Defendants sent a first draft proposed protective order on April 26, 2024. It is very common that protective orders are filed with the Court at the beginning of the discovery period, NOT 3 (three) business days prior to the stipulated deadline. At present, this case is slow to progress as Defense Counsel continuously employ delay tactics and refuse to respond to Plaintiff's plain English communications due to Counsel having the false expectation that Plaintiff was not going to prosecute his case to the fullest extent of the law due to him lacking representation.

**1.3.  Plaintiff's Good Faith Efforts to Sign Protective Order**

Defendants sent Plaintiff a proposed protective order on the evening of Friday April 26, 2024 (Exhibit 2: Defendants' Proposed Protective Order). Three business days later during the afternoon of Wednesday, May 1, 2024 Plaintiff received an email from Counsel asking if the proposed protective order was acceptable to him. Plaintiff promptly responded to this email explaining in detail why he would not sign the proposed protective order. He also informed Counsel of his willingness to sign the One-Tier Protective Order provided by the Court, attached a draft of the Court's protective order, provided a link to the Court's website with applicable information for the protective order, and provided the following 3 (three) stipulations that needed to be met for him to sign the protective order (Exhibit 3: Protective Order Emails):

"Stipulations:

1. The proposed order identifies the following categories of confidential

3

      information related to Plaintiff's discovery:

        a. Medical Records

        b. Financial Information

        c. Employment Records

        d. Confidential, private, or personal information (including Personally Identifiable Information)

2. The proposed order identifies the categories of confidential information related to Defendants' discovery.
3. The draft One-Tier Protective Order is modified only to include the information stipulated in 1 & 2 above and sent to me for review."

On May 3, 2024 Defendants sent Plaintiff a second proposed protective order which complied with Plaintiff's first and second stipulations. The Court's draft protective order is a 17 (seventeen) page document which contains roughly 14 (fourteen) pages of substance. Defendants' second proposed protective order is 5 (five) pages in total which indicates that the **majority** of the substance (or language) contained in the Court's draft protective order was removed by Defendants with no explanation. (Exhibit 4: Defendants' Second Proposed Protective Order). On May 8, 2024 Plaintiff sent Defendants a letter informing them that he would not sign their second proposed protective order as it was "heavily modified" (Exhibit 5: Plaintiff's Letter to Mr. McIntyre). The heavy modification clearly was not in conformance with Plaintiff's third stipulation. In this letter Plaintiff also informed Defendants for the first time that the protective order dispute "will require the Court's intervention to be resolved". Plaintiff's attempts to come to agreeable terms with Defendants to resolve this dispute were clearly in good faith.

4

## 2. ARGUMENT AGAINST ATTORNEYS FEES

Defendants requested reasonable expenses including attorney's fees incurred in making their motion under FRCP 37(a)(5)(A). After multiple discussions were had between Plaintiff and Defense Counsel in regard to Defendants' proposed protective order, Plaintiff informed Counsel that he was opposed to Defendants' proposed protective order. Counsel spent the following months pretending to be confused about Plaintiff's opposition instead of moving the Court for a protective order. During this time Counsel continuously attempted to mislead the Court into believing that Plaintiff was unwilling to participate in discussions about this dispute and that they were unaware of why he was opposed to Defendants' proposed protective order. Even so, Counsel has produced various documents to the Court in recent months proving that Plaintiff DID in fact participate in discussions about Defendants' proposed protective order.

FRCP 37(a)(5)(A) states "But the court must not order this payment if: … (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Plaintiff stopped participating in discussions with Counsel about Defendants' proposed protective order only after his good faith attempts to come to terms agreeable by all parties were intentionally misinterpreted by Counsel. Thus, Plaintiff believes that his opposition or objection to Defendants' proposed protective order is substantially justified within context to FRCP (a)(5)(A)(ii). Further, Counsel has continuously misled the Court about Plaintiff's "failure to cooperate" in regard to this discovery dispute while simultaneously producing his plain English communications regarding this dispute to the Courts in relation to multiple motions and informal telephonic conferences in recent months. Thus,

Plaintiff believes the circumstances in regard to this dispute make an award of expenses unjust within context to FRCP (a)(5)(A)(iii). Plaintiff requests that Defendants' request of reasonable expenses including attorney's fees incurred in making their motion under FRCP 37(a)(5)(A) be DENIED.

### 3. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court DENY Defendants' Motion for Protective Order and DENY Defedants' request for reasonable expenses including attorney's fees. I am available at the Court's convenience to provide any further information or address any questions.

Respectfully submitted,

Dated September 25, 2024

/s/ *Tevin Jones*
Tevin Jones
1608 E Fulton St.
Columbus, OH 43205
(419) 908 2724
tjones@invictarealtyllc.com

*Pro Se Plaintiff*

6

## **CERTIFICATE OF SERVICE**

I certify that on September 25, 2024, I electronically filed a copy of the foregoing with the Court using CM/ECF system, which sent notification of such filing to the following:

1. M Scott McIntyre (0075298)
   Baker & Hostetler LLP
   312 Walnut Street, Suite 3200
   Cincinnati, OH 45202-4074
   (513) 929-3400
   smcintyre@bakerlaw.com

2. Sean P Ryan
   Baker & Hostetler LLP
   312 Walnut Street, Suite 3200
   Cincinnati, OH 45202-4074
   (513) 929-3419
   spryan@bakerlaw.com

3. Kaitlin E McLeod
   Baker & Hostetler LLP
   312 Walnut Street, Suite 3200
   Cincinnati, OH 45202-4074
   (513) 929-3407
   kmcleod@bakerlaw.com

   *Attorneys for Defendants*

                                                              /s/ *Tevin Jones*
                                                              Tevin Jones