# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **TEVIN JONES** | ) Case No. 2:23-cv-920 |
| | ) |
| Plaintiff, | ) Judge: Sarah D. Morrison |
| v. | ) |
| | ) **AGREED CIVIL RULE 26(c)** |
| ENTERPRISE HOLDINGS, INC., *et al.*, | ) **PROTECTIVE ORDER** |
| | ) |
| Defendant. | ) |

**COME NOW**, Plaintiff Tevin Jones and Defendants, by and through their counsel, and for the Agreed Civil Rule 26(c) Protective Order state as follows:

**WHEREAS**, discovery in this action may involve the disclosure of documents, communications, and testimony related to Plaintiff's medical records, financial information, and confidential, private or personal information contained in Plaintiff's personnel file;

**WHEREAS**, the parties agree that documents, communications, and testimony related to Plaintiff's medical records, financial information, and confidential, private or personal information contained in Plaintiff's personnel file, may be identified and marked as "Confidential" before being produced or within a reasonable amount of time thereafter; and

**WHEREAS**, it is stipulated and agreed between the parties to this action through their respective counsel that an Agreed Protective Order should be entered in the above-captioned case;

**IT IS HEREBY ORDERED** that:

1. Plaintiff, Defendants and Defendants' counsel agree that documents, communications, and testimony produced and gathered during the course of this

litigation identified and marked as "Confidential" shall not be given, shown or made available to anyone other than counsel of record for the Plaintiff and Defendants in this litigation, paralegals and/or clerical staff, trial witnesses (expert and fact), the Court and the jury in the course of judicial proceedings in this case, and other persons necessary and essential to aid in the preparation of this case.

2. Documents, communications, and testimony identified and marked as "Confidential" shall also be subject to the following restrictions and conditions:

    A. "Confidential" documents, communications, and testimony shall not be used for any purpose other than this litigation and under no circumstances shall "Confidential" documents, communications, and/or testimony be used for any personal, business, competitive or other purposes whatsoever;

    B. It is the responsibility of counsel in this litigation to maintain custody of all "Confidential" documents, communications, and testimony in a secure and appropriate manner and place so as to allow access to "Confidential" documents, communications, and testimony by only persons permitted by this Agreed Protective Order to have access to "Confidential" documents, communications, and testimony;

    C. If a document, communication, and/or testimony produced by the parties and identified as "Confidential" is to be filed with the Court, the party filing the "Confidential" document and/or testimony must either (1) file the document and/or testimony under seal, or (2) before filing the "Confidential" document and/or testimony with the Court, (a) notify opposing counsel which specific "Confidential" document and/or testimony is to be filed with the Court, and (b) allow opposing counsel to redact from the document and/or testimony any specific "Confidential" information contained therein, and (c) file only the redacted copy of the "Confidential" document and/or

testimony with the Court, or (3) obtain opposing counsel's agreement to allow a copy of the "Confidential" document and/or testimony to be filed without redacting;

        D.    Any dispute as to whether a particular document or testimony is "Confidential," or as to whether particular information within a "Confidential" document or testimony should be redacted, must be brought to the Court's attention and resolved prior to the filing of any disputed un-redacted "Confidential" document or testimony;

        E.    Each person to whom any "Confidential" information is given, shown or made available shall agree in writing to be bound by the terms of this Agreed Protective Order and shall execute the Confidentiality Agreement attached as **Exhibit A**;

        F.    Within thirty (30) days after the conclusion of this litigation, by settlement or adjudication, including any appellate proceedings, all "Confidential" documents, communications, and testimony produced by either party shall be destroyed or returned to the opposing party.

        G.    The inadvertent or unintentional disclosure of any "Confidential" documents, communications, and/or testimony, including without limitation attorney-client privileged documents, communications, and/or testimony shall not be construed to be a waiver, in whole or in part, of a claim of confidentiality either as to the specific "Confidential" document or testimony disclosed or as to any other related information;

        H.    The designation of any document, communication, or testimony as "Confidential" and subject to this Agreed Protective Order shall have no meaning or

effect whatsoever with respect to the substantive issues in this proceeding or the claims or defenses of Plaintiff or Defendants; and

      I.      The agreement of the parties stipulated in this Agreed Protective Order does not constitute an admission or agreement that any "Confidential" document, communication, or testimony is subject to discovery, disclosure or production or is admissible as evidence in this case.

      3.      This Agreed Protective Order shall be without prejudice to the right of any party in this action to seek further protective orders, or modification of the same from the Court with respect to any specific "Confidential" document, communication, or testimony.

      4.      Any person violating this Order may be subject to such sanctions as the Court may deem appropriate.

So **ORDERED** this _____ day of _____, 2024.

_____
Judge/Magistrate Judge,
United States District Court,
Southern District of Ohio

**Have seen and agree**:

_____      _____
Tevin Jones                                 M. Scott McIntyre, Esq.
                                                       BAKER HOSTETLER, LLP
                                                       312 Walnut Street, Suite 3200
                                                       Cincinnati, Ohio 45202
Pro Se Plaintiff                            Tel: (513) 852-2622
                                                       Fax: (513) 929.0303
                                                       smcintyre@bakerlaw.com

Defendants' Counsel

# EXHIBIT A

# CONFIDENTIALITY AGREEMENT

_____ hereby acknowledges he or she has read the Agreed Protective Order entered by this Court in *Tevin Jones v. Enterprise Holdings, Inc., et al.,* United States District Court, Southern District of Ohio, Case No. 2:23-cv-920, and that he or she acknowledges being bound by the terms of the same and that he or she fully understands the terms of said Order.

BY:_____