UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TEVIN JONES,**

      **Plaintiff,**

  v.                                        Civil Action 2:23-cv-920
                                            Judge Sarah D. Morrison
                                            Magistrate Judge Chelsey M. Vascura

**ENTERPRISE HOLDINGS INC.,** *et al.***,**

      **Defendants.**

## ORDER

    This matter is before the Court on Defendants' Motion for Protective Order (ECF No. 42). Defendants seek a protective order under Federal Rule of Civil Procedure 26(c) to protect their proprietary and/or confidential business information, as well as Plaintiff's medical records, financial information, and personnel file. (*Id.*)

    Plaintiff objects to the entry of this—or any—protective order. First, Plaintiff argues that Defendants' motion for entry of protective order is untimely; but the undersigned considered and rejected that argument during the discovery conference on September 12, 2024. Next, Plaintiff points out that Defendants' proposed protective order does not specifically address documents produced by Plaintiff in February 2024 that include his income records, tax records, medical records, employment records. But the proposed protective order provides for documents to be marked "Confidential" "within a reasonable amount of time" after the documents are produced. (Proposed Protective Order 1, ECF No. 42-2.) Given that the protective order was not in effect when Plaintiff produced his documents in February 2024, the undersigned finds that if Plaintiff

were to mark his previously produced documents as "Confidential" within seven days of the entry of the protective order, that would constitute marking "within a reasonable amount of time." Plaintiff further argues that entry of Defendants' unilateral protective order is not warranted because Plaintiff engaged in good faith efforts to agree on a protective order. However, during the September 12, 2024 conference, Plaintiff represented that there was no version of a protective order that he would agree to. Defendants' unilateral motion was therefore necessitated by Plaintiff's conduct. For this same reason, Defendants are entitled to an award of attorney's fees incurred in making their motion under Fed. R. Civ. P. 26(c)(3) and 37(a)(5) ("If the motion is granted . . . the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.").

Defendants' Motion (ECF No. 42) is therefore **GRANTED**, with minor modifications to their proposed protective order in the form attached to this Order. The Clerk is **DIRECTED** to enter the attached protective order on the docket. Plaintiff is **ORDERED** to pay Defendants an amount equal to one hour of attorney's fees at Defendants' attorney's hourly billing rate, **WITHIN THIRTY DAYS** of the date of this Order.

IT IS SO ORDERED.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE