UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TEVIN JONES** | ) | Case No. 2:23-cv-920 |
| | ) | |
| Plaintiff, | ) | Judge: Sarah D. Morrison |
| v. | ) | |
| | ) | **RULE 26(c) PROTECTIVE** |
| **ENTERPRISE HOLDINGS, INC.,** *et al.*, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

On motion of Defendants, and after considering Plaintiff's objections, the Court enters the following Protective Order under Federal Rule of Civil Procedure 26(c):

**WHEREAS**, discovery in this action may involve the disclosure of documents, communications, and testimony related to Defendants' confidential business information as well as private or personal information concerning Plaintiff, Defendants, and/or third parties; and

**WHEREAS**, documents, communications, and testimony related to: (1) Plaintiff's medical records, financial information, and confidential, private or personal information contained in Plaintiff's personnel file; (2) Defendants' propriety and/or confidential business information; (3) Confidential, private, or personal information (including Personally Identifiable Information) of Defendants, Plaintiff, and third parties may be identified and marked as "Confidential" before being produced or within a reasonable amount of time thereafter.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Plaintiff, Defendants and Defendants' counsel agree that documents, communications, and testimony produced and gathered during the course of this litigation identified and marked as "Confidential" shall not be given, shown or made available to anyone other than the parties, counsel of record for the Plaintiff and Defendants in this litigation, paralegals and/or clerical staff, trial witnesses (expert and fact), the Court and the jury in the course of judicial

proceedings in this case, and other persons necessary and essential to aid in the preparation of this case.

2. Documents, communications, and testimony identified and marked as "Confidential" shall also be subject to the following restrictions and conditions:

A. "Confidential" documents, communications, and testimony shall not be used for any purpose other than this litigation and under no circumstances shall "Confidential" documents, communications, and/or testimony be used for any personal, business, competitive or other purposes whatsoever;

B. It is the responsibility of counsel and pro se Plaintiff in this litigation to maintain custody of all "Confidential" documents, communications, and testimony in a secure and appropriate manner and place so as to allow access to "Confidential" documents, communications, and testimony by only persons permitted by this Protective Order to have access to "Confidential" documents, communications, and testimony;

C. If a document, communication, and/or testimony produced by the parties and identified as "Confidential" is to be filed with the Court, the party filing the "Confidential" document and/or testimony must either (1) seek leave to file the document and/or testimony under seal under S.D. Ohio Civ. R. 5.2.1, or (2) before filing the "Confidential" document and/or testimony with the Court, (a) notify opposing counsel or pro se Plaintiff, as appropriate, which specific "Confidential" document and/or testimony is to be filed with the Court, and (b) allow opposing counsel or pro se Plaintiff, as appropriate, to redact from the document and/or testimony any specific "Confidential" information contained therein, and (c) file only the redacted copy of the "Confidential" document and/or testimony with the Court, or (3) obtain opposing counsel's or pro se Plaintiff's agreement to allow a copy of the "Confidential" document and/or testimony to be filed without redacting;

D. Any dispute as to whether a particular document or testimony is "Confidential," or as to whether particular information within a "Confidential" document or testimony should be redacted, must be brought to the Court's attention by the party disputing the "Confidential" designation, and resolved prior to the filing of any disputed un-redacted "Confidential" document or testimony;

E. Each person to whom any "Confidential" information is given, shown or made available shall agree in writing to be bound by the terms of this Protective Order and shall execute the Confidentiality Agreement attached as **Exhibit A**;

F. Within thirty (30) days after the conclusion of this litigation, by settlement or adjudication, including any appellate proceedings, all "Confidential" documents, communications, and testimony produced by either party shall be destroyed or returned to the opposing party.

G. The inadvertent or unintentional disclosure of any "Confidential" documents, communications, and/or testimony, including without limitation attorney-client privileged documents, communications, and/or testimony shall not be construed to be a waiver, in whole or in part, of a claim of confidentiality either as to the specific "Confidential" document or testimony disclosed or as to any other related information;

H. The designation of any document, communication, or testimony as "Confidential" and subject to this Protective Order shall have no meaning or effect whatsoever with respect to the substantive issues in this proceeding or the claims or defenses of Plaintiff or Defendants; and

I. This order does not constitute an admission or agreement that any "Confidential" document, communication, or testimony is subject to discovery, disclosure or production or is admissible as evidence in this case.

3. This Protective Order shall be without prejudice to the right of any party in this action to seek further protective orders, or modification of the same from the Court with respect to any specific "Confidential" document, communication, or testimony.

4. Any person violating this Order may be subject to such sanctions as the Court may deem appropriate.

**IT IS SO ORDERED**.

    s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

## EXHIBIT A

## <u>CONFIDENTIALITY AGREEMENT</u>

_____ hereby acknowledges he or she has read the Protective Order entered by this Court in *Tevin Jones v. Enterprise Holdings, Inc., et al.,* United States District Court, Southern District of Ohio, Case No. 2:23-cv-920, and that he or she acknowledges being bound by the terms of the same and that he or she fully understands the terms of said Order.

BY:_____